Succession of Hopkins.

No. 1097.

SUCCESSION OF MRS. JANE HOPKINS. ON OPPOSITION TO THE EXECUTOR'S ACCOUNT.

A testamentary executor who has qualified as such, cannot be deprived of his commission on the amount of the inventory because the heirs and legatees agreed between themselves to make a distribution of the assets of the succession.

APPEAL from the Parish Court, parish of Iberia.    *Allison, J.*

*W. B. Merchant* for Opponents and Appellees.

*Jos. A. Breaux* and *Don Caffrey* for Defendant and Appellant.

The opinion of the Court was delivered by

LEVY, J.  Mrs. Jane Hopkins died in the year 1879, having made her nuncupative will by public act, which, shortly after her death, was duly probated and ordered to be executed. In her will she appointed Wm. Robertson her executor; he duly qualified as such. After several particular legacies, she bequeathed the remainder of her estate to her brother-in-law, Lucius D. Hopkins. The following clause is contained in the will: "The testator hereby declares, that she desires William Robertson to be appointed testamentary executor, and she, therefore, appoints him, with full authority as executor, to have the seizin of the property and to perform all the duties incumbent on an executor." The

Succession of Hopkins.

executor filed his final account of administration, in which he charged the succession with the sum of $2184 55, commissions of 2½ per cent. on the total amount of the inventory, ($87,382 62½). To this item, Mrs. Mary Land and William Land, legatees, filed an opposition, on the ground that the executor had done and performed no acts of administration; had not taken possession of the effects or property of the succession, there having been a compromise and settlement, by notarial act, between the particular and universal legatees, which obviated the necessity of any administration by the executor, and whereby the estate was put into the possession of the opponent, Mrs. Land. This opposition was sustained by the Parish Court, and the claim of the executor for said item for commissions rejected; and said executor has appealed.

The judgment of the lower court, in this regard, is erroneous. The executor, duly constituted such by the express terms of the will, took the prescribed oath of office, and thereby assumed the functions of his office and became responsible for their faithful discharge and performance. If he had been derelict in duty; if through his misfeasance or malfeasance the estate had been squandered or diminished, either by himself or those to whom he entrusted it, or whom he permitted to enjoy or use it, there can be no question as to his liability to the parties who might be injured. It matters not that the legatees or heirs chose, by consent and agreement among themselves, to make a distribution of the assets of the succession; this cannot be allowed to deprive the executor of the fees and commissions fixed by law.

The oral declarations of the testatrix in regard to her alleged wish, that the executor should resign his trust, cannot prevail over the solemn terms of the will itself, any more than oral suggestions or declarations in regard to the legacies, particular and universal, could have authorized or justified the executor to refuse the recognition or payment of the legacies made in the will itself. There is not the slightest foundation for the opposition, either in law, reason or justice. C. C. 1683; 26 An. 195; 25 An. 323; 12 L. 73; 1 R. 98.

In this case, the executor, under the will, had full seizin of the estate, and is entitled to 2½ per cent. commissions on the value, as determined in the inventory.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be amended in so far as it sustains the opposition to the item of $2184 55, commissions claimed by William Robertson, executor, and that said item of $2184 55, commissions aforesaid, be allowed as a just legal charge against the succession of said Mrs. Jane Hopkins, and in all other respects the judgment appealed from is affirmed; the costs of their opposition and of this appeal to be paid by the opponents, Mrs. Mary Land and William Land, *in solido*.